UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY DAVIS, | No. 1:21-cv-01783-ADA-BAK (HBK) (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS (Doc. No. 5) |
| v. | |
| MICHEL LEJEUNE, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. No. 1) |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| | NO CERTIFICATE OF APPEALABILITY IS REQUIRED |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  On December 21, 2021, the magistrate judge assigned to the case issued findings and recommendations to dismiss the petition.  (Doc. No. 5.)  These findings and recommendations were served upon all parties and contained notice that any objections were to be filed within twenty-one days from the date of service of that order.  On January 6, 2022, petitioner filed objections to the magistrate judge's findings and recommendations.  (Doc. No. 8.)

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the court has conducted a de novo review of the case.  Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are

supported by the record and proper analysis. Petitioner's objections present no grounds for questioning the magistrate judge's analysis. Specifically, Petitioner asserts that he bypassed the Bureau of Prisons administrative process because it was effectively unavailable. It is true that the law does not require petitioners to pursue administrative remedies when those avenues would be futile. *See Fraley v. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993). Here, however, Petitioner fails to make this showing. In his objections, Petitioner repeatedly states that he filed numerous "BP-8s" that prison staff refused to return. The BP-8 is an informal complaint that constitutes the first step of the Bureau of Prisons' grievance process. *See Nunez v. Duncan*, 591 F.3d 1217, 1219 (9th Cir. 2010); 28 C.F.R. § 542.13. The BP-8, however, is not mandatory in all cases. 28 C.F.R. § 542.13(b). In fact, "if the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director." 28 C.F.R. § 542.14(d)(1). Here, Petitioner states in his objections that he bypassed administrative procedures because his request is sensitive. (Doc. No. 8 at 2.) There is no indication in his objections, however, that he attempted to pursue any administrative avenues other than filing BP-8 forms.

The plain language of 28 U.S.C. § 2253(c)(1) does not require a certificate of appealability because this is an appeal from an order denying a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Accordingly, the court orders as follows:

1. The findings and recommendations, filed December 21, 2021 (Doc. No. 5), are ADOPTED IN FULL;
2. The petition for writ of habeas corpus is DISMISSED without prejudice;
3. The clerk of court is DIRECTED to ENTER JUDGMENT and close the file; and,
4. No certificate of appealability is required.

///

This order terminates the action in its entirety.

IT IS SO ORDERED.

Dated: September 12, 2022

UNITED STATES DISTRICT JUDGE

3